## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

ANNIE A.,      )
          )
    Plaintiff,   )
          )
v.         )  **Case No. 4:23-CV-00346-CDL**
          )
MARTIN O'MALLEY,[1]   )
Acting Commissioner of the  )
Social Security Administration, )
          )
    Defendant.  )

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying Social Security disability benefits. The parties have consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c). For the reasons set forth below, the Court **affirms** the Commissioner's decision.

## I. Standard of Review

The Social Security Act (the Act) provides disability insurance benefits to qualifying individuals who have a physical or mental disability. *See* 42 U.S.C. § 423.  The Act defines "disability" as an "inability to engage in any substantial gainful activity by

---

[1] On December 20, 2023, Martin O'Malley was sworn in as the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), O'Malley is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A).

Judicial review of a Commissioner's disability determination "is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (quoting *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1178 (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Noreja*, 952 F.3d at 1178 (quoting *Grogan*, 399 F.3d at 1261-62).

So long as supported by substantial evidence, the agency's factual findings are "conclusive." *Biestek*, 587 U.S. at 99 (quoting 42 U.S.C. § 405(g)). Thus, the Court may not reweigh the evidence or substitute its judgment for that of the agency. *Noreja*, 952 F.3d at 1178.

## II.   Background and Procedural History

On March 28, 2021, the plaintiff, then 19 years old, filed an application for supplemental security income benefits, alleging she has been disabled since birth. R. 17, 35. The plaintiff was born with DiGeorge Syndrome, a genetic disorder caused by an anomaly of the 22nd chromosome, and Ehlers-Danlos syndrome, a disorder affecting the

body's connective tissues. She alleged disability due to those two conditions, as well as autonomic dysfunction, chronic migraines, learning disability, hypotonicity, hypothyroid, asthma, dizziness upon standing, and hypoglycemia. *See* R. 63.

The Commissioner denied plaintiff's application on initial review and on reconsideration. After the plaintiff requested a hearing before an Administrative Law Judge (ALJ), a telephonic hearing was held on January 10, 2023, with testimony given by plaintiff and a Vocational Expert (VE). *See* R. 43-60.

The plaintiff completed high school, receiving special education in social studies. She has no work history. R. 23. She lives with her parents in a second-floor apartment. She testified that she spends her days watching television, playing on the computer, and watching YouTube, but she has severe migraines several times a month that require her to sleep. R. 49-50. The plaintiff testified that she tries to help around the house, but she cannot do much, because her disabilities make it hard to perform repetitive motions. R. 48-49. She also alleged that she has postural orthostatic tachycardia syndrome, which makes it hard for her to stand for very long. R. 49. Her migraines have improved with Osteopathic Manipulative Medicine (OMM) treatment, but she still has headaches.

On February 3, 2023, the ALJ issued a decision denying benefits. R. 17-42. On June 9, 2023, the Appeals Council denied the plaintiff's request for review, which rendered the ALJ's decision the agency's final decision. R. 1-4. Plaintiff filed a timely appeal in this Court, which has jurisdiction to review the ALJ's February 3, 2023 decision under 42 U.S.C. § 405(g).

### III.   The ALJ's Decision

The Commissioner uses a five-step, sequential process to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. At step two, the ALJ determines whether the claimant has an impairment or a combination of impairments that is severe. At step three, the ALJ determines whether the claimant's severe impairment or combination of impairments is equivalent to one that is listed in the applicable regulation, which the Commissioner "acknowledges are so severe as to preclude substantial gainful activity." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (internal quotation and citation omitted); *see* 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpt. P, App'x 1 (Listings). At step four, the claimant must show that his impairment or combination of impairments prevents him from performing his previous work.

The claimant bears the burden on steps one through four. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). If the claimant satisfies this burden, thus establishing a prima facie case of disability, the burden of proof shifts to the Commissioner to show at step five that the claimant has the residual functional capacity (RFC) to perform other work available in the national economy, considering the claimant's age, education, and work experience. *Id*.

Here, at step one the ALJ found that the plaintiff has not performed substantial gainful activity since her application date of March 28, 2021. R. 19. At step two, the ALJ determined that the plaintiff has severe impairments, including attention deficit hyperactivity disorder (ADHD), 22q11.2 deletion (DiGeorge Syndrome), osteoarthritis,

Postural Orthostatic Tachycardia Syndrome (POTS)/hypotension, tension/migraine headaches, asthma, and Ehlers Danlos Syndrome (EDS). *Id.* The ALJ found the plaintiff's alleged gastroesophageal reflux disease, cervical spine impairment, thoracic spine impairments, and hypothyroidism are non-severe medically determinable impairments causing no more than minimal limitation in the plaintiff's ability to perform basic work activities. *Id.*

At step three, the ALJ found that plaintiff's impairments do not meet or equal the severity criteria for any Listing, specifically addressing Listings for inflammatory arthritis and for mental impairments. R. 20-21). The ALJ addressed the "paragraph B" criteria— four areas of mental functioning used to determine whether a claimant's mental impairments functionally equal a Listing. *Id.; see* 20 C.F.R. § 404 Subpt. P App'x 1. The ALJ found that Plaintiff has a moderate limitation in each of the "paragraph B" domains-- understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. R. 20-21.

At step four, after considering the entire record, the ALJ determined that plaintiff has the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b)[,] except [she] can lift no more than 20 pounds occasionally and 10 pounds frequently. She can sit, stand, and walk 6 hours out of an 8-hour workday. No climbing ladders, ropes, scaffolding or unprotected heights or dangerous machinery. No more than a normal level of exposure to gases, fumes, noxious odors, pulmonary irritants, dusts, poor ventilation where normal is the level generally found in an office or commercial setting. No extreme temperatures or humidity defined as temperatures

> between 68- and 76-degrees F and 40 to 60 percent humidity (based on OSHA/EPA/GSA guidelines). The work would be limited to simple but no detailed or complex instructions. They would need to be repetitive, routine and rote. The [plaintiff] can have occasional contact with coworkers and supervisors but no contact with the general public. Working with things rather than people. No strict production standards such as fast paced integral team assembly line work or meat processing. The [plaintiff] could remain on task for 2 hours before needing a 15-minute break.

R. 21-22.

The ALJ indicated that in making this finding, she considered all of plaintiff's symptoms in connection with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. §§ 404.1529 and 416.929 and Social Security Ruling (SSR) 16-3p, as well as medical opinions and prior administrative findings, in accordance with the requirements of 20 C.F.R. §§ 404.1520c and 416.920c. R. 22.

The ALJ found at step four that plaintiff has no past relevant work. At step five, based on the VE's testimony as to a hypothetical person with plaintiff's age, education, and RFC, the ALJ found the plaintiff can perform the requirements of representative occupations including:

> ***Collator***, performed at the light exertion level, specific vocational preparation (SVP) Level 2, DOT # 208.685-010, with 234,180 jobs existing in the national economy;
>
> ***Office Helper***, performed at the light exertion level, SVP Level 2, DOT # 239.567-010, with 3,126,300 jobs existing in the national economy; and
>
> ***Office Mail Clerk***, performed at the light exertion level, SVP Level 2, DOT # 209.687-026, with 88,400 jobs existing in the national economy.

R. 36. Accordingly, the ALJ found plaintiff is not disabled at step five. *Id*.

6

## IV.     Discussion

The plaintiff asserts a single point of error, arguing that the ALJ failed to resolve conflicts between the DOT and the jobs identified by the VE at step five.[2] The plaintiff argues that, for distinct reasons, the requirements of two of the jobs cited at step five are not consistent with the RFC determination assessed by the ALJ. First, the plaintiff contends that the job of office helper demands more than occasional contact with supervisors and co-workers. Second, plaintiff argues that the job of office mail clerk requires a reasoning level of 3, which exceeds the RFC limitation to simple and routine tasks.

The Commissioner disputes both arguments, arguing that the ALJ satisfied his duty to resolve any conflicts and was entitled to rely on the VE's testimony as to the demands of the office helper and office mail clerk job. Thus, the Commissioner contends that these jobs are available to an individual with the plaintiff's age, education, work experience, and RFC. Moreover, the Commissioner argues that the ALJ's decision should be affirmed even if the ALJ erred as to the office helper and office mail clerk jobs, because the VE identified

---

[2]     Generally, an ALJ may rely upon vocational expert testimony in making findings at phase two and phase three of step four. *Doyal*, 331 F.3d at 761 (quoting *Winfrey v. Chater,* 92 F.3d 1017, 1025 (10th Cir. 1996)). While the step-four analysis may not be delegated to the vocational expert, the ALJ may rely on information supplied by the vocational expert regarding the demands of plaintiff's past relevant work and regarding whether a person with plaintiff's RFC could meet those demands. *Id.*, 331 F.3d at 761. The ALJ must "investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999); *see also* SSR 00-04p, 2000 WL 1898704.

a third job—collator—that is available in sufficiently high numbers in the national economy to satisfy the Commissioner's burden at step five.

Once plaintiff met her burden to establish that she is unable to perform any past relevant work, the burden shifted to the Commissioner to establish that plaintiff retains the capacity to engage in work "which exists in significant numbers." 42 U.S.C. § 423(d)(2)(A). The Tenth Circuit has explained that "the issue of numerical significance entails many fact-specific considerations requiring individualized evaluation." *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004 (quoting *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992)). As such, generally, the Court should not supply a dispositive finding that the remaining two jobs represent a significant number sufficient to satisfy the Commissioner's step-five burden. *See Norris v. Barnhart*, 197 F. App'x 771, 777 (10th Cir. 2006) (remand appropriate where number of jobs is relatively few and it is not clear whether the ALJ found number of each job or collective number of jobs to constitute a significant number).

However, the Tenth Circuit has indicated that courts may appropriately make a dispositive harmless-error finding in the "exceptional circumstance, i.e., where, based on material the ALJ did at least consider . . . , we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen*, 357 F.3d at 1145. District courts within the Tenth Circuit routinely make such findings where the remaining jobs available are sufficiently numerous. *See, e.g.*, *Beverly A. T. v. O'Malley*, No. 23-CV-00050-SH, 2024 WL 1308039 (N.D. Okla. Mar. 27, 2024); *Talon J. H. v. O'Malley*, No. 23-CV-00027-SH, 2024 WL 1008565 (N.D.

Okla. Mar. 8, 2024); *Stevens v. Kijakazi*, No. CV-21-355-JAR, 2023 WL 2733371 (E.D. Okla. Mar. 31, 2023); *Crystal L. N. v. Kijakazi*, No. 21-CV-114-CDL, 2022 WL 4235059 (N.D. Okla. Sept. 14, 2022); *Dimas v. Kijakazi*, No. CV 20-0345 JHR, 2021 WL 4847272 (D.N.M. Oct. 18, 2021); *Pierce v. Saul*, No. CIV-18-1203-G, 2019 WL 4580517 (W.D. Okla. Aug. 19, 2019), *report and recommendation adopted*, No. CIV-18-1203-G, 2019 WL 4576276 (W.D. Okla. Sept. 19, 2019); *Barker v. Colvin*, No. 14-CV-025-TLW, 2015 WL 5178169 (N.D. Okla. Sept. 4, 2015).

Moreover, the Tenth Circuit has indicated that, when it is undisputed that one or more jobs remain available to the claimant, courts appropriately focus on the issue of numerical significance as to those jobs before addressing any challenged findings by the ALJ as to other jobs. *See Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) (Gorsuch, J.) ("We need not resolve Mr. Raymond's first challenge. Even assuming without deciding that he is unable to work as a sales attendant or office helper, there is no colorable dispute that substantial record evidence supports the ALJ's conclusion that he can work as a rental clerk. Accordingly, the only question we must decide is whether or not that job exists in significant enough numbers."); *Carrie E. N. v. Saul*, No. 19-CV-126-FHM, 2020 WL 1330433 (N.D. Okla. Mar. 23, 2020) (unpublished) (collecting cases); *see also Shockley v. Colvin*, 564 F. App'x 935, 940-41 (10th Cir. 2014) (unpublished).[3]

Here, the plaintiff does not challenge the ALJ's RFC determination or dispute that the collator job remains available to an individual of her age, education, work experience,

_____

[3]     Under 10th Cir. R. 32.1(A), "[u]npublished decisions are not precedential, but may be cited for their persuasive value."

9

and RFC. The plaintiff effectively concedes that the ALJ's decision should be affirmed if the Court determines the number of collator jobs is sufficient to meet the Commissioner's burden at step five. (*See* Doc. 10 at 9). Rather, the plaintiff argues that the Court should not make a determination of numerical significance.

The Tenth Circuit has not identified a "bright-line answer as to how many jobs are enough . . . to say, as a matter of law, that the number is significant," but it has noted that "the number appears to be somewhere between 100 . . . and 152,000." *Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016) (unpublished); *see also Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (unpublished). Here, even assuming (without deciding) that the jobs of office helper and office mail clerk are eliminated, the remaining job of collator exists in sufficient numbers (i.e., 234,180) to constitute numerical significance as a matter of law. *See, e.g.*, *Johnson v. Comm'r, SSA*, 764 F. App'x 754, 761-62 (10th Cir. 2019) (unpublished) ("[G]iving Johnson the benefit of any doubt that the janitor job might involve concentrated exposure to humidity, there were still a significant number of machine packager jobs in the national economy—178,000—that Johnson could perform."); *Stokes*, 274 F. App'x at 684 (152,000 jobs nationally); *Shockley*, 564 F. App'x 935, 940 (where remaining job categories comprised 17,000 jobs regionally and 215,000 jobs nationally, "[w]e do not think that any reasonable factfinder, even relying on only those two jobs, could have determined that suitable jobs did not exist in 'significant numbers'"); *Chrismon v. Colvin*, 531 F. App'x 893, 899-900 (10th Cir. 2013) (unpublished) (applying harmless-error analysis and holding that "significant numbers" requirement was met where

10

two of four occupations cited by the ALJ offered a total of 17,500 jobs regionally and 212,000 jobs nationally).

In her reply brief, the plaintiff argues that the harmless-error analysis does not apply where only one job remains at step five. (*See* Doc. 15 at 3-4). However, the plaintiff cites no authority supporting this proposition, and the relevant case law indicates otherwise. In *Chrisman*, the Tenth Circuit cited its prior holding in *Allen* for the proposition that "improper reliance on two of three jobs identified by VE could have been deemed harmless error[,] had the number of available jobs identified by the VE in the one occupation consistent with the claimant's RFC not been one hundred but considerably greater." 531 F. App'x at 900 (citing *Allen*, 357 F.3d at 1145 (internal alterations omitted)). *See also Johnson*, 764 F. App'x at 761-62 ("[G]iving Johnson the benefit of any doubt that the janitor job might involve concentrated exposure to humidity, there were still a significant number of machine packager jobs in the national economy—178,000—that Johnson could perform."); *Rogers v. Astrue*, 312 F. App'x 138, at *4 (10th Cir. 2009) (unpublished) (affirming denial of benefits where VE's testimony established that claimant could perform sedentary hand packager job, even though VE's testimony conflicted with the DOT as to the other jobs identified at step five); *Chance M. S. v. O'Malley*, No. 23-CV-02087-TC, 2024 WL 2051835 (D. Kan. May 8, 2024) (unpublished) (citing *Garcia v. Comm'r, SSA*, 817 F. App'x 640, 649–50 (10th Cir. 2020)) ("[A[n ALJ need only identify one job that Plaintiff could do that exists in significant numbers in the national economy. The requirement is satisfied here because silver wrapper, has 155,340 jobs in the national economy.").

11

Given the VE's uncontested testimony that 234,180 collator jobs exist, even if the other two jobs were eliminated, "no reasonable administrative factfinder" could have concluded that the remaining jobs do not exist in significant numbers. *See Chrismon*, 531 F. App'x at 899-900; *Allen*, 357 F.3d at 1145. The ALJ's undisputed findings therefore satisfied the Commissioner's step-five burden to identify suitable work "which exists in significant numbers." 42 U.S.C. § 423(d)(2)(A).

## V.    Conclusion

For the reasons set forth above, the plaintiff has not identified any reversible error in the ALJ's decision. Accordingly, the decision of the Commissioner finding the plaintiff not disabled is **affirmed.**

**SO ORDERED** this 8th day of August, 2024.

*Christine D. Little*

Christine D. Little
United States Magistrate Judge